IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


LLOYD THORNBURG, #66295                                               PETITIONER

VERSUS                                         CIVIL ACTION NO.  5:06cv172DCB-MTP

ADAMS COUNTY and BARBARA TYLER                                       RESPONDENTS


OPINION AND ORDER

On January 23, 2007, an order [5-1] was entered directing the petitioner to respond within

30 days and explain why this court should not dismiss this petition as being time barred by the

applicable period of limitations.  When the petitioner failed to respond, an order to show cause

[6-1] was entered on March 20, 2007, with a warning that failure to comply could result in the

dismissal of his petition.  Once again, the petitioner failed to respond.  Therefore, out of an

abundance of caution a second order to show cause [7-1] was entered on May 1, 2007, directing

the petitioner to respond within 20 days from the entry of the order.  This order of May 1, 2007,

further stated that this was the petitioner's final opportunity to comply with the previous orders of

this Court and that failure to comply would result in the dismissal of this civil action.

According to the court records, petitioner has failed to communicate further with the

court, either to inquire as to the status of his case or to attempt to comply with court orders.  The

petitioner's failure to comply with the orders of this court or to otherwise communicate with this

court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute

under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough</u>

<u>v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the court.  <u>Link</u>, <u>supra</u>,

370 U.S. at 630.

Since the respondents have not been called upon to respond to the petition, and have

never appeared in this action, and since the court has never considered the merits of the petition ,

the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>,

542 F.2d 954 (5th Cir. 1976).

THIS, the   20th   day of June, 2007.


      <u>s/ David Bramlette</u>
      UNITED STATES DISTRICT JUDGE